LOTTINGER, Judge.
This is a suit for personal injury resulting to petitioner,' Delmas V. Harrell, when the motorcycle which he was operating was involved in’ an accident allegedly caused by an automobile driven by the minor son of Robert Ashton Holloway, Sr. Also made defendant is Travelers Insurance Company, the liability insurer of the Holloway vehicle. The' Lower Court rendered judgment in favor of defendants and dismissed, petitioner’s suit. The petitioner has appealed.
The accident in - question occurred on July 27th, 1962 at approximately 7:00 o’clock p. m. The evidence indicates that the weather was clear at the time of the accident and it was still daylight. The scen.e of .the accident was in-the 1600 blocli of College Drive in Baton Rouge, Louisiana. College Drive is a- paved street having a width of twenty (20') feet and runs in'a northerly and southerly direction.
Prior to the accident in question Robert Ashton Holloway, Jr., the minor son of 'defendant had visited in the home of H. L. Ott at 1642 College Drive. He had driven into the driveway of the Ott residence, parked his car some five (5) feet from the 'edge of the street and visited with Jo Ann Ott. While young Holloway was in the process of leaving the Ott residence and backing his car into College Drive, the accident occurred with Delmas V. Harrell, a policeman of the City of Baton Rouge, who was riding his motorcycle, and chasing a speeding vehicle at the time. Harrell testified that the sudden appearance of the Holloway vehicle backing from the driveway at 1642 College Drive across the roadway caused him to veer off the highway, lose control of his motorcycle and turn over. He claims that the accident and his injuries were caused solely by the negligence of young Holloway, and seeks damages therefor. At the time of the accident, Harrell had been clocking a speeding car for a distance of approximately four (4) blocks. He was traveling approximately fifty (50) miles per hour and was not operating either the blinking light, the horn or the siren of the motorcycle. The speed limit on College Drive as testified by Officer Williams, who investigated the accident, was thirty (30) to thirty-five (35) miles per hour, he was not sure exactly which was correct.
Young Holloway testified that after entering his car, upon leaving the Ott residence, he backed a small way to the edge of the street, looked in both directions to make sure no traffic was coming and saw petitioner traveling north on his motorcycle “about a couple blocks away”. The blinking light was not on, nor was any siren or horn- being sounded. Believing that he had *771 time to complete his intended maneuver, young Holloway continued backing in a curve and he testified that “When I stopped my backing I was facing north parallel with the right lane of the roadway.” Holloway testified that he heard the screeching of the motorcycle, and looked around and saw the motorcycle just north of the first telephone pole south of the Ott driveway. The evidence placed this telephone pole at a distance of ninety paces or about 270 feet south of the driveway. The testimony of young Holloway was corroborated by Jo Ann Ott who was looking through her bedroom window as Holloway left her house and was an eye witness to the accident.
Officer Earl L. Williams of the Baton Rouge Police, who investigated the accident testified that the tracks showed that the motorcycle left the street at a distance of seventy-eight (78') feet south of the driveway, went some three or four feet off the roadway, then came back on the roadway and turned over in front of the residence at 1642 College Drive. It came to rest in the southbound lane of traffic at a distance of six (6) feet east of the west edge of the street. It was testified by young Holloway that when he first heard the screeching, which was evidently the noise from the brakes of the motorcycle, he estimated it to be some thirty (30) to forty (40) feet north of the telephone pole which did place it some 230 to 240 feet from the driveway. Jo Ann Ott testified that vjien she first heard the noise from the motorcycle she looked in that direction and saw the motorcycle going onto the grass off the side of the street, at which time the motorcycle was about twenty (20) feet north of the telephone pole. The Lower Court did not favor us with a written opinion, however it is evident that the Lower Court either found the petitioner guilty of contributory negligence, or found the defendant to be free of negligence. The brief of counsel indicates that the Lower Court, in its oral reasons, held petitioner guilty of contributory negligence.
LSA-Revised Statutes, Title 32, Section 125, dealing with emergency vehicles, provides as follows:
“A. Upon the immediate approach of. an authorized emergency vehicle making use of audible and visual signals, or of a police vehicle properly and lawfully making use of an audible signal only, the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to, the right hand edge or curb of the highway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
“B. This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.”
 The evidence discloses without question that the motorcycle was exceeding the speed limit. Although the motorcycle was an emergency vehicle, the driver-thereof is still under the duty to exercise care, and we believe from the evidence that the driver was negligent in exceeding the speed limit without giving some visible or audible warning. The motorcycle was equipped with a blinking light and a siren. The only apparent reason we can conceive of these instruments being placed on the motorcycle was to warn the public when the vehicle was on an emergency mission. From the testimony of both young Holloway and Miss Ott we believe that young Holloway was correct in assuming that he could complete his backing maneuver prior to the approach of the motorcycle had the motorcycle been proceeding at a lawful rate of speed. In any event, we feel that the pe *772 titioner was guilty of contributory negligence.
For the reasons hereinabove assigned the judgment of the Lower Court is affirmed, and all costs of this appeal shall be paid by petitioner.
Judgment affirmed.